**M. M. ECKROM** and O. B. Gunderson, Respondents, v. CARL SWENSEID and John Watson, Appellants.

(179 N. W. 920.)

**Husband and wife — parties — husband acting as principal cannot assert agency for wife; defect of parties defendant waived by failure to answer or demur.**

Defendant Carl Swenseid appeals from a judgment for $304.30 on a verdict against him and his codefendant. The judgment is for services performed for and at the request of the defendant in the threshing of grain at $15 an hour. The answer of the appellant was merely a general denial. Yet, on the trial, his real defense was that in leasing the land on which the grain was grown and in all matters pertaining to the seeding, harvesting, and threshing, he acted as the agent of his wife, to whom he had conveyed the land. However, as he acted as the principal and real party, and did not by answer disclose that his wife had any interest in the matter, he is justly chargeable as principal.

Opinion filed October 29, 1920.

Appeal from a judgment of the District Court of Nelson County, Honorable *A. T. Cole,* Judge.

From a judgment in favor of plaintiffs' defendant appeals.

Affirmed.

*Bangs & Robbins,* for appellants.

The relationship between Swenseid and Watson was that of landlord and tenant. Mpls. Iron Store Co. v. Branum, 36 N. D. 355, L.R.A. 1917E, 298, 163 N. W. 552; Clark v. Cobb, 121 Cal. 595, 54 Pac. 74; State v. Municipal Ct. 123 Minn. 377, 143 N. W. 978; Van Dyke v. Anderson, 83 N. J. Eq. 568, 91 Atl. 593; Neal v. Brandon, 70 Ark. 79, 66 S. W. 200; Smithwick v. Oliver, 94 Ark. 451, 127 S. W. 706; Brock v. Haley, 88 S. C. 373, 70 S. E. 1011; Jones, Land. & T. § 51.

The relationship was not a partnership. Jones, Land. & T. § 50; Williams v. Rogers, 110 Mich. 418, 68 N. W. 240; State v. Superior Ct. — Wash. —, 184 Pac. 348; Cedarberg v. Guernsey, 12 S. D. 77, 80 N. W. 159; Smith v. Schultz, 89 Cal. 526, 26 Pac. 1087; Texas Produce Exch. v. Sorrell, — Tex. Civ. App. —, 168 S. W. 74; Wagner v. Buttles, 151 Wis. 668, 139 N. W. 425.

A recovery under the statute would be variance between the plead-

ings and proof. 13 C. J. p. 755, ¶ 923, (3); Comp. Laws 1913, §§ 5841 & 7395; Tucker v. Gaines, 86 S. C. 500, 68 S. E. 670; B. & G. R. N. Co. v. Jackson, 170 Ala. 496, 54 So. 512.

There was no privity between the plaintiffs and the defendant, Swenseid. .Parlin v. Hall, 2 N. D. 473, 52 N. W. 405; Fry v. Ausman, 20 S. D. 30, 135 N. W. 708; 30 L.R.A.(N.S.) 150.

*C. N. Frich* and *Engerud, Divet, Holl, & Frame,* for respondents.

It was a joint liability on the part of the landlord and tenant for the whole bill. Comp. Laws §§ 5767, 5919; 1 Parsons, Contr. p. 11; Brady v. Reynolds, 13 Cal. 31; Dumanoise v. Townsend (Mich.) 45 N. W. 179; Quinn v. O'Daniel (Tex.) 23 S. W. 850; Knowlton v. Parsons (Mass.) 84 N. E. 798; Alpaugh v. Wood (N. J.) 23 Atl. 261; Gummer v. Mairs (Cal.) 74 Pac. 26; Moring v. Weber (Cal.) 84 Pac. 220.

Robinson, J. In this case the defendant Carl Swenseid appeals from a judgment for $304.30 against him and his codefendant. The complaint avers that in September, 1916, the plaintiffs performed services for and at the request of the defendants by threshing from shocks a crop of grain at $15 an hour, amounting to $352.50, which defendant promised to pay, and did not pay, except $115.10. The answer is a general denial. Only that and nothing more. It does not in any way indicate the nature of the defense made by appellant. Under the pleadings the case was fairly submitted to the jury, and the only question is on the sufficiency of the evidence to sustain the verdict. The appellant avers that there is no evidence that he made any contract under which he became liable to the plaintiff. The evidence shows that in 1916 the appellant made with his codefendant an oral contract or farm lease. The latter agreed with appellant to farm 240 acres of land during the year 1916 on these terms; appellant to furnish the seed, to pay half the twine bill and half the thresh bill, and to receive half the crops. Watson seeded the land, harvested the grain, put it in shocks. Then it became necessary to thresh the grain, in which each defendant had an undivided half interest. After the grain was harvested and put in shocks, each party owned the same as tenants in common, and neither party could recover his share without first threshing the grain. The threshing was done for the joint and several benefit of the defendants; their

liability was joint and several. Each one or both had a right to contract for the threshing. Each one talked with the plaintiffs concerning the threshing. Each knew when it was to be done. Each received from the machine his share of the wheat. The threshing was not done in secret, without the consent and knowledge of each cotenant. There was no dispute concerning the price to be paid for the threshing, only that the plaintiffs claim that the agreed price was $15 an hour and the defendants claim $165 a day. The difference is of no account. The question of price was one for the jury, and it is settled by the verdict.

However, on the trial appellant sought to evade any liability by proving that a short time prior to the oral contract with Watson he had deeded the land to his wife, and that in contracting he acted as her agent. Yet it does appear that, in contracting and in all matters pertaining to the crop and the grain, appellant acted in his own name and as principal, without disclosing to anyone that his wife had any interest in the matter.

By statute a party may demur to a complaint when it appears on the face thereof that there is a defect of parties plaintiff or defendant, and when the defect does not appear on the face of the complaint, the objection may be taken by answer. If not taken by answer or demurrer, the defect is waived. Comp. Laws, §§ 7442–7447. The purpose of a pleading is to indicate fairly the nature of the claim or defense, so that, if necessary, the adverse party may amend his pleading so that he may know the real issues, and may not be taken by any surprise at the trial.

In September, 1916, the threshing was done. The plaintiffs threshed as follows: On September 1, eight hours and twenty minutes; on September 2, nine hours and ten minutes; on September 4, six hours and thirty minutes.

Both the defendants were present when the work was done; both received the benefits and both should pay for it. He who takes the benefits must bear the burdens. There has been a fair trial, and the verdict is well sustained.

Affirmed.

GRACE and BIRDZELL, JJ., concur.

BRONSON, J. (specially concurring). I concur in the affirmance of

the judgment. The complaint alleges an express contract made by the defendants for threshing the crops involved. The answer interposed a general denial. The evidence adduced discloses that an arrangement was made for threshing the crops involved by both the defendants. As the wife of one of the defendants testified, the trouble arose because the plaintiffs charged threshing by the hour, whereas they took the threshing by the day. Upon this record the trial court properly charged that the jury should determine what this contract was; the amount of work actually done under it, and the amount due the plaintiffs thereunder. The verdict returned by the jury is amply sustained by the evidence. Upon this record the questions raised upon this appeal, of the liability of the landlord for the tenant's threshing bill, or of the liability of the husband for the tenant's threshing bill, when the property stands in his wife's name, do not require determination. The pleadings aver and the proof shows an express contract made by the defendants.

CHRISTIANSON, Ch. J., concurs.